```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

PATRICIA YOUNG,                   )
                                  )
            Plaintiff,             )
                                  )
        v.                         )    No. 4:04 CV 482 DDN
                                  )
ANGELIKA DUNLAP, and               )
R.H. HUMMER, JR. INC.,             )
                                  )
            Defendants.            )

## MEMORANDUM

This action is before the court upon the motions of plaintiff's counsel Lucy M. Davis, Esq., captioned "Equity Action (Suit) in Two Counts, I & II" (Doc. 26) and "Request for Equity Ruling Relative to Attorney's Fees" (Doc. 27), and the motions of plaintiff's former counsel Gordon W. Neilson, Esq., to dismiss (Docs. 33, 45) and to strike (Doc. 46). All of the parties described above have consented to the exercise of plenary jurisdiction over this action by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). A hearing was held on March 17, 2005.

## BACKGROUND

Plaintiff Patricia Young, represented by attorney Davis, originally commenced this action in the Circuit Court of St. Louis County. In that action, plaintiff sought monetary compensation from the above-styled defendants for injuries suffered in a motor vehicle collision on March 22, 1999, in St. Charles County, Missouri. Thereafter, defendant Angelika Dunlap, with the consent of the other defendant, removed the action to this court, invoking the court's subject matter jurisdiction granted by 28 U.S.C. § 1332 (diversity of citizenship).

In December 2004, plaintiff and defendants settled the action pursuant to a "Release" agreement, a copy of which was presented to

this court during the hearing (Doc. 34, Attach. Ct. Ex. 1). Shortly thereafter, plaintiff's counsel, Ms. Davis, filed the two documents now before the court. These documents allege that, before Ms. Davis was retained to represent plaintiff, plaintiff was represented by attorney Gordon Neilson, and that after the settlement of plaintiff's claims in this action, Mr. Neilson claimed entitlement to share in the proceeds of the settlement for his attorney's fee beyond the $500.00 fee payment attorney Davis offered him. Attorney Davis disputes Neilson's entitlement to a substantial fee and asks this court to determine the attorneys' entitlement to apportion the fees, to award Davis compensatory and punitive damages for Neilson's actions, and to sanction attorney Neilson for ethical violations.

Attorney Neilson moves to dismiss attorney Davis's motions arguing that this dispute should be adjudicated in state court, that attorney Davis has an adequate remedy at law, and that the court lacks subject matter jurisdiction over the dispute. (Doc. 33, 45.)

**DISCUSSION**

The court must determine whether it has subject matter jurisdiction to consider the allegations and claims made by attorney Davis against attorney Neilson. In Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), the Supreme Court held that a federal district court may have jurisdiction over a post-settlement dispute only where there is independent subject matter jurisdiction over the dispute or the dispute arises out of the settlement agreement which "had been made part of the order of dismissal . . . ." Id. at 381. The court stated that the settlement agreement could be made a part of the dismissal order in two ways. First, the court's dismissal order may incorporate the settlement agreement. Second, the court may explicitly retain jurisdiction over the settlement agreement. Id.; see also Hayden

& Assocs., Inc. v. ATY Bldg. Sys., Inc., 289 F.3d 530, 532-33 (8th Cir. 2002); 4:20 Communications, Inc. v. Paradigm Co., 336 F.3d 775, 778-89 (8th Cir. 2003) (district court lacked jurisdiction to enforce settlement after dismissing the case).

In this case, the court's dismissal order did not expressly or impliedly incorporate the settlement agreement. The order stated only that it was "[b]ased upon the stipulation for dismissal." See Doc. 35; see also Hayden, 289 F.3d at 532 ("[M]ere mention of a settlement does not incorporate a settlement agreement into a court order."). Moreover, the record of this action indicates that the settlement agreement reached by the parties includes neither the issue of plaintiff's attorney's fees nor a reservation to the court of jurisdiction to resolve any dispute regarding attorney's fees. The specific Release provision regarding this court's jurisdiction provides as follows:

> The United States District Court for the Eastern District of Missouri, Eastern Division shall have jurisdiction to resolve any disputes regarding the rights, duties, obligations and other matters arising from this Release. In the event of [sic] any disputes concerning this Release arises, the law of Missouri shall govern.

(Doc. 34, Attach. Ct. Ex. 1 at ¶ 13.)

The dispute between attorneys Davis and Neilson is not properly characterized as a dispute arising from the Release. Neither attorney was a party to the Release, the subject matter of which related to the release of all claims and liabilities that plaintiff Patricia Young had against defendants Angelika Dunlap and R.H. Hummer. See Id. at ¶¶ 1, 2(A), (B), 3(A), (B). The only reference to attorney's fees in the Release notes that settlement monies are to include attorney's fees and costs. (Id. at ¶ 9.) The parties do not dispute that defendants have issued payment to plaintiff and that they issued a check jointly to attorneys Davis and Neilson for attorney's fees. Accordingly, plaintiff and defendants, as the only parties to the Release, appear to have complied with Release provisions and evidence no disagreement to

the contrary. As the parties' motions do not implicate a disagreement with provisions of, or compliance with, the Release, the agreement itself does not specifically provide the court with subject matter jurisdiction to resolve a dispute between plaintiff's attorneys.

Moreover, the court does not possess ancillary jurisdiction to resolve the dispute. 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The Supreme Court recognized that ancillary jurisdiction is not boundless stating "[W]e have asserted ancillary jurisdiction for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to . . . to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379.

The exercise of ancillary jurisdiction in this matter does not comport with jurisprudence favoring limits on this form of jurisdiction. The circumstances surrounding the dispute between attorneys Davis and Neilson are not so related to the claims of the initial suit (personal injury) so as to provide supplemental jurisdiction. The facts necessary to dispose of both matters are not similar; the underlying suit dealt with defendants' liability for plaintiff's injuries, and this dispute deals with the attorneys' respective time and effort in preparing plaintiff's claims. See Kokkonen, 511 U.S. at 381. Furthermore, the facts and circumstances do not warrant this court's disposition of the instant matters to effect its decree or otherwise manage its proceedings. As aforementioned, the underlying claim has been dismissed and the dismissal order did not incorporate the

settlement agreement.  Cf. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim [if] . . . (3) the district court has dismissed all claims over which it has original jurisdiction. . . .").

Because the parties, in their settlement, did not reserve to this court jurisdiction to resolve the fee dispute, and the court does not have ancillary or supplemental jurisdiction over the matter, the court must determine whether it has original subject matter jurisdiction over the allegations made by attorney Davis against attorney Neilson.

From the record of this action, it clearly appears that the court does not have subject matter jurisdiction over this dispute independent of the underlying federal litigation.  There is no indication that the attorneys are citizens of different states or that their dispute exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).  No other grant of subject matter jurisdiction (i.e., federal question under 28 U.S.C. § 1331) is indicated by the record.  The appropriate venue for the claims, allegations, and dispute between attorneys Davis and Neilson appears to be the state courts of Missouri.

For these reasons, the claims and allegations made by attorney Davis in Documents 26 and 27 must be dismissed without prejudice. An appropriate order is issued herewith.

_____
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE

Signed on June 6, 2005.